JAMES T. BURTON (Utah Bar No. 11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (Utah Bar No. 12647)
*jrupp@kmclaw.com*
RYAN R. BECKSTROM (Utah Bar No. 14593)
*rbeckstrom@kmclaw.com*
**KIRTON MCCONKIE**
1800 Eagle Gate Tower
60 East South Temple
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile:  (801) 321-4893

*Attorneys for Plaintiff Skywalker Holdings, LLC*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SKYWALKER HOLDINGS, LLC, a Utah limited liability company,<br><br>        Plaintiff,<br>vs.<br><br>VULY TRAMPOLINES PTY LTD., an Australia proprietary limited company, and VULY USA OPERATIONS CORP., a California corporation,<br><br>        Defendant. | **COMPLAINT**<br><br>Case No.: 1:15-cv-00025-DBP<br><br>Judge: Dustin B. Pead<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Skywalker Holdings, LLC ("Skywalker"), by and through its undersigned counsel of record, hereby complains against Defendants Vuly Trampolines Pty LTD. and Vuly USA Operations Corp. (collectively, "Defendants") as follows.

## PARTIES

1. Skywalker is a Utah limited liability company with its principal place of business in Brigham City, Utah.

2. Vuly Trampolines Pty LTD. is an Australia proprietary limited company located in Brisbane, Australia.

3. Vuly USA Operations Corp. is a California corporation with its principal place of business in San Jose, California.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement under Title 35, United States Code.

5. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) as Defendants have committed the acts of patent infringement complained of herein in this District. Defendants have solicited business in the State of Utah, transacted business in the State of Utah, and attempted to derive financial benefit from residents of the State of Utah, including benefits directly related to the instant patent infringement cause of action.

7. Defendants have placed their infringing goods, systems, methods, compositions, and/or services, including, without limitation, Vuly's trampoline enclosure system ("Infringing Product"), into the stream of commerce throughout the United States, which goods, systems, methods, compositions, and/or services have been offered for sale, sold, and/or used in this District.

8. Defendants, directly or through their subsidiaries, divisions, groups, or distributors, have committed acts of infringement in this District, are subject to personal jurisdiction in this District, and/or are doing business in this District.

## FACTUAL BACKGROUND

9. Skywalker was formed in 2005 with the belief that trampolines should be safe and fun, keeping children actively engaged in outdoor and indoor activities.

10. Given Skywalker's long-standing presence and strong reputation, Skywalker is one of the most recognized brands in the trampoline industry.

11. Skywalker has invested substantial time and resources into the development and design of innovative trampoline products, including the acquisition of proprietary and intellectual property rights.

12. Skywalker provides top quality services to several large retailers and to thousands of end-users.

13. Skywalker is the inventor of a unique trampoline enclosure and method for attaching a trampoline enclosure to a trampoline.

14. Skywalker's innovative enclosure system interlocks the base of the enclosure netting to the jump mat itself using a button-hole feature at each jump mat V-ring.

15. This helps eliminate gaps, with no need to thread ropes, creating a secure and gap free jumping area.

16. Defendants advertise the Infringing Product as designed to eliminate the risk of serious injury.

17. Defendants further advertise the Infringing Product as connecting to the bottom of the trampoline through "little slits" through which the mat connectors go.

18. Defendants further advertise the Infringing Product as eliminating the chance that a child will hit the springs or frame of a Vuly trampoline or get their fingers or toes stuck.

19. The Infringing Product is sold at, among other places, www.trampolinesamerica.com and Toy R Us.

## FIRST CLAIM FOR RELIEF
Infringement of United States Patent No. RE45,182

20. On October 7, 2014, U.S. Patent No. RE45,182 (the "'182 Patent"), entitled "Trampoline Enclosure Attachment to Trampoline Mat," a copy of which is attached hereto as Exhibit A, was duly and legally issued by the United States Patent and Trademark Office.

21. Skywalker is the owner by assignment of the '182 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '182 Patent.

22. Upon information and belief, Defendants, directly or through their subsidiaries, divisions, or groups, have infringed and continue to infringe the '182 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer to sell, in the United States and/or this District, goods, systems, methods, compositions, and/or services that are covered by one or more of the claims of the '182 Patent, including, without limitation, the Infringing Product.

23. Defendants are liable for infringement of the '182 Patent under 35 U.S.C. § 271.

24. Defendants' acts of infringement have caused damage to Skywalker, and

Skywalker is entitled to recover from Defendants the damages sustained by Skywalker as a result of Defendants' wrongful acts in an amount to be proven at trial.

25. As a consequence of the infringement complained of herein, Skywalker has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by the Court from committing further acts of infringement.

26. Upon information and belief, one or more of Defendants' acts of infringement have been or will be undertaken with knowledge of the '182 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, and further entitle Skywalker to enhanced damages and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Skywalker prays for judgment as follows:

A. That Defendants have infringed the '182 Patent;

B. That Defendants account for and pay to Skywalker all damages caused by its infringement of the '182 Patent, and to enhance such damages as appropriate, all in accordance with 35 U.S.C. § 284;

C. That Skywalker be granted permanent injunctive relief pursuant to 35 U.S.C. § 283, permanently enjoining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from further acts of patent infringement;

D. That Defendants and their principals, agents, representatives, servants, and employees and any person in active concert or participation with them be ordered to recall and deliver up for

destruction all products that infringe the '182 Patent, including, without limitation, the Infringing Product;

E. That Skywalker be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' patent infringement;

F. That the Court declare this an exceptional case and that Skywalker be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

G. That costs be awarded to Skywalker; and

H. That Skywalker be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Skywalker hereby demands trial by jury as to all issues in this action triable by jury.

DATED this 10th day of February, 2015.

        Respectfully Submitted,

        KIRTON McCONKIE

        By /s/ James T. Burton
           James T. Burton
           Joshua S. Rupp
           Ryan R. Beckstrom
       *Attorneys for Plaintiff Skywalker Holdings, LLC*